# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEAN O. GRENOBLE,

        Petitioner,    :    Case No. 3:14-cv-104

   - vs -                         District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

SHERRI DUFFEY, WARDEN,
 Hocking Correctional Facility,

                                   :

        Respondent.

## REPORT AND RECOMMENDATIONS

      This is a habeas corpus case brought *pro se* by Petitioner Dean Grenoble to obtain relief from his conviction in the Preble County Common Pleas Court and his consequent imprisonment in Respondent's custody. Grenoble pleads that he was convicted in a bench trial of possession of marijuana and possession of criminal tools and sentenced to eight years imprisonment (Petition, Doc. No. 2, PageID 2.) The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

      After conviction, Grenoble appealed to the Ohio Twelfth District Court of Appeals which affirmed the conviction. State v. Grenoble, 2011-Ohio-2343, 2011 Ohio App. LEXIS 2005 (12th Dist. May 16, 2011). The Ohio Supreme Court declined jurisdiction over a subsequent appeal on October 19, 2011. *State v. Grenoble*, 129 Ohio St. 3d 1505 (2011). Thereafter Grenoble moved to modify his sentence under House Bill 86. The trial court denied relief and the court of appeals

1

affirmed. *State v. Grenoble*, 2012-Ohio-5961, 2012 Ohio App LEXIS 5113 (12th Dist. Dec. 17, 2012). Grenoble took no appeal to the Ohio Supreme Court, but later filed a petition for writ of habeas corpus in that court which was dismissed January 22, 2014. *Grenoble v. Duffey*, 2014 Ohio 176, 2014 Ohio LEXIS 46 (2014). The Petition was filed in this Court on March 31, 2014.

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Grenoble reasons that his federal Petition is timely because "state habeas corpus in Ohio

2

Supreme Court became final on January 22, 2014 and this Federal Petition is filed within one year from that date."

Grenoble's assertion of timeliness is incorrect. Under 28 U.S.C. §2244(d), a habeas petitioner has one year from the date his conviction becomes final. In this case, that occurred ninety days after the Ohio Supreme Court declined jurisdiction over his direct appeal because a criminal defendant has ninety days to petition the United States Supreme Court to hear his case on certiorari. Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *see also Clay v. United States*, 537 U.S. 522 (2003)(as to § 2255), *Lawrence v. Florida*, 549 U.S. 327 (2007)(indicating *Clay* analysis would also apply to § 2244). In this case the ninetieth day after the Ohio Supreme Court denied the appeal was January 17, 2012. The one-year statute of limitations began to run on that date and expired one year later on January 17, 2013. Grenoble did not file his petition for writ of habeas corpus in the Ohio Supreme Court until October 23, 2013. A state petition for collateral review filed after the statute of limitations has expired does not re-start the statute. Because the federal Petition was not filed until more than fourteen months after the statute of limitations expired, it should be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the

3

Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 4, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).